NO. 07-03-0199-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 20, 2003

_____


RUBEN VALENTINE MAURICIO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE


_____

FROM THE 121ST DISTRICT COURT OF YOAKUM COUNTY;

NO. 2057; HONORABLE KELLY MOORE, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.


ABATEMENT AND REMAND


On May 7, 2003, a copy of a Notice of Appeal in cause No. 2057 in the 121st District Court of Yoakum County, Texas (the trial court), was filed with the clerk of this court (the appellate clerk). The document, filed with the District Clerk of Yoakum County (the trial court clerk) on May 5, 2003, gives notice that Ruben Valentine Mauricio desires to appeal from a conviction in such court and cause number. On May 7, 2003, a Case Summary

Report was filed with the appellate clerk which sets out that the appeal is from a judgment or order dated April 7, 2003.

On July 31, 2003, a second request for extension of time for filing the clerk's record was filed with the appellate clerk. By such request, the trial court clerk advised that the clerk's record has not been paid for and no arrangements have been made to pay for the record. The date for filing the clerk's record has been extended.

The trial court reporter also has advised the appellate clerk that appellant has neither designated the portions of the proceedings to be included in the reporter's record nor made arrangements for payment of that record.

On July 11, 2003, the State filed a Motion to Dismiss Appeal for Want of Prosecution. On August 1, 2003, the appellate clerk sent a letter to appellant's attorney directing counsel to advise this Court on the status of any arrangements for payment and designation of record for the clerk's and reporter's record. No response to that letter has been received to date.

Accordingly, this appeal is abated and the cause is remanded to the trial court. Tex. R. App. P. 37.3(a)(2). Upon remand, the judge of the trial court is directed to immediately cause notice to be given of and to conduct a hearing to determine: (1) whether appellant desires to prosecute this appeal; (2) if appellant desires to prosecute this appeal, then whether appellant is indigent; (3) if appellant desires to prosecute this appeal, whether appellant is entitled to have the clerk's and reporter's records furnished without charge; (4) what orders, if any, should be entered to assure the filing of appropriate notices and

documentation to dismiss appellant's appeal if appellant does not desire to prosecute this appeal, or, if appellant desires to prosecute this appeal, to assure that the clerk's and reporter's records will be promptly filed and that the appeal will be diligently pursued, and 5) whether counsel should be appointed to represent appellant on appeal. If the trial court determines that an attorney for appellant should be appointed, the court should cause the clerk of this court to be furnished the name, address, and State Bar of Texas identification number of the appointed attorney.

The trial court is directed to: (1) make and file appropriate findings of fact, conclusions of law and recommendations, and cause them to be included in a clerk's record on remand; (2) enter any orders appropriate to the circumstances; (3) cause the hearing proceedings to be transcribed and included in a reporter's record; and (4) have a record of the proceedings made to the extent any of the proceedings are not included in the supplemental clerk's record or the reporter's record. In the absence of a request for extension of time from the trial court, the clerk's record on remand, reporter's record of the hearing and proceedings pursuant to this order, and any additional proceeding records, including any orders, findings, conclusions and recommendations, are to be sent so as to be received by the clerk of this court not later than September 22, 2003.

Per Curiam

Do not publish.